UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENE ALVARADO MEJIA, and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF ROCKLAND, DONNA G. SIBERMAN, in her official capacity as County Clerk of Rockland County, THE NEW YORK UNIFIED COURT SYSTEM, and JOHN and JANE DOE in their individual capacities, <br><br> Defendants. | **COMPLAINT** <br> **CLASS ACTION** <br><br> Index No.: |

Plaintiff Rene Alvarado Mejia ("Mr. Mejia") brings this action on behalf of himself and all other similarly situated, against Defendants, County of Rockland, the Honorable Donna G. Siberman, in her official capacity as County Clerk of Rockland County and the New York Unified Court System ("NYUCS"), for, *inter alia,* violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution, the Privileges and Immunities Clause of the U.S. Constitution, Title VI of the Civil Rights Act of 1964, the N.Y. Const., Art. 1 § 11, and the New York State Executive Law § 296, *et seq*. ("NYSHRL"), and alleges the following:

**PRELIMINARY STATEMENT**

1. This civil-rights action challenges the systemic and longstanding failure of the County of Rockland and/or the NYUCS to take reasonable steps to ensure meaningful access and opportunity by Limited English Proficient[1] ("LEP") persons, including Mr. Mejia and similarly situated people, to participate fully in the Rockland County Drug Court ("Drug Court").

2. Defendants have engaged in a pattern and practice of failing to provide

---

[1] "Limited English Proficient" is a term used in the United States that refers to a person who is not fluent in the English language.

1

interpretation and translation that violates, *inter alia,* the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution, the Privileges and Immunities Clause of the U.S. Constitution, Title VI of the Civil Rights Act of 1964, the N.Y. Const., Art. 1 § 11, and the NYSHRL.

## NATURE OF PROCEEDING AND RELIEF SOUGHT

3. Plaintiff brings this class action to enforce his and all others similarly situated rights pursuant to 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983 for violation of the Privileges and Immunities Clause, Article IV, § 2, cl. 1, of the U.S. Constitution; Title VI of the Civil Rights of 1964, 42 U.S.C. § 2000d, and pursuant to 42 U.S.C. § 1983; the N.Y. Const., Art. 1 § 11, and the NYSHRL to be free of discrimination on the basis of national origin, to secure language access, and to participate fully in the Rockland County Drug Court.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Supplemental jurisdiction over Plaintiff's New York, NYSHRL claims is proper under 28 U.S.C. §1367.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because some of the Plaintiff's claims arose in the Southern District of New York, Defendants administer the Rockland County Drug Court in this District, and many of the Defendants' actions and/or omissions complained of occurred in this District.

## PARTIES

6. Plaintiff Mr. Mejia is *sui juris* and a resident of New York domiciled in Rockland

County.

7. Plaintiff is a dominant Spanish-speaking LEP New Yorker of Hispanic or Latino origin with limited ability to communicate in English.

8. Plaintiff has an open matter before the Suffern Justice Court within the County of Rockland that qualifies for Rockland County Drug Court.

9. Defendant County of Rockland is the southernmost county on the west side of the Hudson River in New York. Rockland County falls within the purview of this District. The Rockland County Drug Court is located in the County of Rockland.

10. Defendant the Honorable Donna G. Siberman is the County Clerk of Rockland County. She is sued in her official capacity.

11. Defendant the NYUCS consists of the state-wide courts created pursuant to Article VI § 1 of the New York Constitution, which includes the court of appeals, the supreme court including the appellate divisions thereof, the court of claims, the county court, the surrogate's court, the family court and Drug Court. The Rockland County Drug Court is part of the NYUCS.

12. Defendant NYUCS receives hundreds of millions of dollars in federal funds each year. Indeed, according to defendant's website, support for [Drug Court] comes from the local communities, the Unified Court System budget and the federal government[2]" making it a program in receipt of federal funds within the meaning of Title VI of the Civil Rights Act of 1964.

## GENERAL ALLEGATION

13. The County of Rockland consists of five towns – Clarkstown, Haverstraw, Orangetown, Ramapo and Stony Point.

14. The Hispanic population in each of these towns has increased between twenty-three

---

[2] https://ww2.nycourts.gov/courts/problem_solving/drugcourts/overview.shtml

percent and sixty-five percent since 2010.[3]  Making the Hispanic and/or Latino origin population the fastest growing population in the County of Rockland.

15. According to the 2020 U.S. Census, nearly one in five residents in the County of Rockland are Hispanic or Latino.[4]

16. More than twenty percent of the County of Rockland's population is foreign born.[5]

17. The 2021 American Community Survey estimates that more than half of the County of Rockland's foreign-born population is from Latin America.[6]

18. The 2020 Census reports that between 2017 to 2021 more than forty-two percent of persons five-years-old and older spoke a language other than English at home.[7]

19. In New York State "roughly 5.5 million New Yorkers do not speak English as their primary language, and almost half of those speak English less than very well.[8]"

20. According to a report published by Defendant NYUCS' Division of Technology & Court Research, Spanish is the most frequent foreign language used by individuals before the New York State Unified Court System.[9]

21. Under New York's language access law, all State agencies that interact with the public **must** provide interpretation services in any language with respect to the provision of agency services or benefits, **and** must translate vital agency documents into the top 12 most commonly spoken non-English languages among LEP New Yorkers based on Census data.[10]

---

[3] https://rocklandgov.com/files/7916/2923/5187/Rockland_County_Towns_Preliminary_Data_Profiles_-_2020_Census.pdf
[4] https://www.census.gov/quickfacts/fact/table/rocklandcountynewyork/PST045221
[5] Id.
[6] https://censusreporter.org/profiles/05000US36087-rockland-county-ny/
[7] https://www.census.gov/quickfacts/fact/table/rocklandcountynewyork/PST045221
[8] https://ag.ny.gov/sites/default/files/language_access_brochure.pdf
[9] https://app.powerbigov.us/view?r=eyJrIjoiY2Q4OTEzNzQtMzFkZi00MDZiLTkyZjMtZDNjMTU2NWM4YmI2Ii widCI6IjM0NTZmZTkyLWNiZDEtNDA2ZC1iNWEzLTUzNjRiZWMwYTgzMyJ9&pageName=ReportSectiond823f69456000e1830aa
[10] https://ogs.ny.gov/new-york-state-language-access-law (emphasis added).

22. On or about July 29, 2022, Plaintiff's attorney in a criminal matter before the Suffern Justice Court[11], Stuart Altman, called the Rockland County Drug Court on Plaintiff's behalf and spoke with Jane Doe[12], an employee at the Rockland County Drug Court that admits people into Drug Court.

23. During the call, Mr. Altman informed Jane Doe that Plaintiff has a pending case before the Suffern Justice Court for Driving While Intoxicated in violation of New York Vehicle and Traffic Law § § 1192 03 and 1192 2-AA, was referred to the Drug Court by the Suffern Justice Court, and that Plaintiff is a LEP and would require translation services.

24. Jane Doe informed Mr. Altman that although the Plaintiff's criminal charges qualify for Drug Court, the Rockland County Drug Court does not provide translation services and consequently that Plaintiff would not be allowed to participate in Drug Court despite being otherwise qualified for Drug Court.

25. Mr. Altman, then informed Jane Doe that if needed Plaintiff can provide his own translation services, and she said that the Rockland County Drug Court does not provide or permit translators.

26. Thereafter, Mr. Altman informed Jane Doe that not providing an opportunity to the services of and/or access to the Rockland County Drug Court to Spanish-speaking LEP New Yorkers by either providing translation services and/or allowing the use of a translator appears to be discriminatory.

27. Jane Doe replied that she's "sure it's not legal" or words to that effect.

28. On or about July 29, 2022, Mr. Altman, wrote a letter to the Rockland County Drug

---

[11] The Suffern Justice Court is a court of special session that has jurisdiction over low level criminal offenses including violations and misdemeanors. https://suffernny.gov/departments/village-court/
[12] At the moment the Claimant does not know the identity of Jane Doe.

5

Court, and in relevant part, requested that Plaintiff's "criminal case [be] transferred to Drug Court."

29. Mr. Altman also noted that Plaintiff is a LEP "and is willing to provide his own Spanish Interpreter if needed for all court[] appearance[s], programs, and treatment… [and asked that [he be contact[ed] to arrange that [Claimant's] case be transferred to Drug Court." See Letter from Attorney Stuart Altman to Rockland County Drug Court, dated July 29, 2022, attached hereto as Exhibit "1".

30. To date, Mr. Altman's letter has gone unanswered.

31. Within 90 days of the incident, Plaintiff filed written Notice of Claim with Rockland County Court and NYUCS. Over 30 days have elapsed since the filing of the notice, and this matter has not been settled or otherwise disposed of.

32. Plaintiff's efforts to obtain meaningful access to the Drug Court through the use of translation services are frustrated by the Rockland County and/or the NYUCS's deliberate failure to implement policies and procedures necessary to afford Plaintiff access to interpretation and translation in his native language.

33. As a result of the failure of Rockland County and/or NYUCS to provide translation and interpretation services in Spanish, Plaintiff has been unable to participate in the Drug Court program that he qualifies for and was referred to by the Suffern Justice Court.

34. By their actions, Rockland County and/or the NYUCS have engaged in a pattern and practice of failing to provide LEP persons with meaningful access to the Rockland County Drug Court by failing to provide interpretation and translation services that violates Title VI of the Civil Rights Act, its New York State equivalents, 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;  42 U.S.C. §

1983 for violation of the Privileges and Immunities Clause; Article IV, § 2, cl. 1, of the U.S. Constitution; and Section 296 of New York Executive Law.

35. The County of Rockland and/or the NYUCS have also failed to provide Plaintiff with translated notices regarding Rockland County Drug Court and other Rockland County Drug Court-related activities, depriving him of an equal opportunity to participate in the Rockland County Drug Court.

36. Defendants have failed to provide Spanish-speaking LEP individuals with access to Drug Court services by failing to provide translation and interpretation services.

37. Defendants have failed to translate any information regarding Drug Court, including Drug Court services available to Spanish-speaking LEP individual like Plaintiff.

38. Defendants have failed to provide sufficient and/or any training and/or funding for training to allow Drug Court to provide meaningful access to their services for Spanish-speaking LEP individuals.

39. Defendants have failed to establish policies and practices that guarantee LEP individuals the language services they need to meaningfully participate and access Drug Court.

40. Defendants have been on notice of Plaintiff's attempts to access Drug Court and of its widespread and systematic policy and practice of failing to provide meaningful access to LEP individuals.

41. Despite being on notice of these failures, Defendants have not taken meaningful steps to correct the problem and have continued to act intentionally and with deliberate indifference to the continued exclusion of LEP individuals, including Plaintiff, from Defendants' services at Drug Court.

42. Defendants' practices are in violation of federal and state regulations requiring

translation and interpreters to LEP individuals.

43. Similarly situated individuals who qualify for Drug Court and whose primary language is English are not excluded in this way from participation in Defendants' services at Drug Court.

44. Defendants' failure has harmed Plaintiff by depriving him of his right to participate meaningfully in the Rockland County Drug Court.

45. As a direct and/or proximate cause of the acts and/or omissions of the Defendants, Plaintiff has suffered injuries and damages, including but not limited to, emotional distress in an amount to be determined at trial.

46. All conditions precedent to the maintenance of this action have occurred, been waived, or have otherwise been satisfied, performed or excused.

## CLASS ALLEGATIONS

47. Plaintiff Rene Alvarado Mejia brings this action under the Federal Rules of Civil Procedure 23(a), 23(b)(1)(A), and 23(b)(2) on behalf of himself and a class of all other persons in similarly situation.

48. Plaintiff seeks to represent the following class:

All Latino and/or Hispanic people who were disqualified from participating in the Rockland County Drug Court because they are a LEP but who were otherwise eligible for Drug Court.

49. Mr. Mejia similarly seeks to represent the following subclass:

All LEP who were disqualified from participating in the Rockland County Drug Court because of their inability to speak English but who were otherwise eligible for Drug Court.

50. The precise size of the class is unknown, however, likely exceeds forty individuals.

51. Plaintiff and members of the putative class are geographically dispersed throughout the County of Rockland and probably throughout the State of New York, are likely of low-income

status, and do not possess the resources necessary to litigate individual cases. Additionally, the prosecution of separate actions may create a risk of inconsistent adjudications, making a class action the superior and most economical means of resolving the questions of law common to the claims of the class.

52. There are common questions of law and fact common to the class including:

   i. Whether Defendant County of Rockland and/ or Defendant the New York Unified Court System's policy and practice of denying notice and an opportunity for a hearing to LEP applicants for Drug Court violates the Due Process Clause of the Fourteenth Amendment;

   ii. Whether Defendant the County of Rockland and/or Defendant the New York Unified Court System's discriminatory treatment of Hispanic and/or Latino LEP applicants excludes them from participation in, denies the benefits of, or subjects them to discrimination under a program or activity receiving federal financial assistance on the ground of race, color or national origin in violation of Title VI of the Civil Rights Act.

   iii. Whether Defendant the County of Rockland and/or Defendant the New York Unified Court System's discriminatory treatment of Hispanic and/or Latino LEP seeking to get into Drug Court violated the Privileges and Immunities Clause.

53. These claims are typical of the claims of the class and subclass. Defendant the County of Rockland and/or Defendant the New York Unified Court System's has policies and practices denying notice and an opportunity for a hearing, and arbitrarily and discriminatorily disqualifying LEPs into Drug Court. Defendant the County of Rockland and/or Defendant the New York Unified Court System's discriminatory policies and practices apply with equal force to all members of the putative class.

54. Plaintiff will fairly and adequately represent the interest of all members of the proposed class because he seeks relief for himself and on behalf of the class as a whole and has no interest antagonistic to other members of the class. Plaintiff, like members of the putative class, has been subject to Defendant the County of Rockland and/or Defendant the New York Unified

9

Court System's unlawful policies and practices. Plaintiff and the putative class members seek a declaration that the Defendant the County of Rockland and/or Defendant the New York Unified Court System's policies and practices are unconstitutional, violate federal statutory law, state law, and that Defendant the County of Rockland and/or Defendant the New York Unified Court System's be required to admit Latino and or Hispanic LEPs into Drug Court and provide them and other LEPs with interpreter services which they are lawfully entitled under federal and state law.

55. Plaintiff and the putative class will fairly and adequately be represented by their counsel. The attorneys at Vasquez Segarra LLP has significant experience litigating civil rights cases and have substantial expertise in class action litigation to vindicate civil rights particularly for those of Latino and/or Hispanic origin and Spanish speaking.

56. Defendant the County of Rockland and/or Defendant the New York Unified Court System's have acted and will act on grounds generally applicable to the class in denying notice and an opportunity for a hearing, and in arbitrarily and discriminatorily disqualifying Spanish speaking LEPs from Drug Court. Defendant the County of Rockland and/or Defendant the New York Unified Court System's polices and practices are unlawful, and enjoining their enforcement is appropriate with respect to the class as a whole.

## CAUSES OF ACTION

### COUNT ONE
### Violation of Due Process Under the Fourteenth Amendment
### 42 U.S.C. § 1983

57. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 above as though fully set forth herein.

58. Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

59. The Fourteenth Amendment provides:

"No State shall . . . deprive any person of life, liberty or property without due process of law…."

U.S. Const. amend. XIV § 1.

60. Fundamental due process requires notice and an opportunity to be heard on a protectible property interest in a government program, namely Drug Court.

61. Defendants enforce a policy and practice of denying notice and an opportunity for a hearing to Latino, Spanish-speaking applicants for Drug Court.

62. At all relevant times, Defendants have acted under color of state law.

63. By failing to provide Plaintiff with notice and an opportunity for a hearing, Defendants deprived him of his property interest without due process of law in violation of the Due Process Clause.

64. Defendants have acted intentionally and with deliberate indifference to the fact that LEP individuals, like Plaintiff, are being excluded from participation in Defendants' services provided in Drug Court or in decisions concerning Plaintiff's ability to participate in Drug Court without first being afforded notice or a hearing.

65. By arbitrarily and discriminatorily denying access and an opportunity to participate in Drug Court without affording him proper notice and an opportunity for a hearing, Defendants violate the Due Process Clause.

66. As a result of the foregoing, Plaintiff was deprived of his property interest, suffered emotional distress, loss of property, costs, and expenses, and was otherwise damaged and injured.

### COUNT TWO
### Violation of Equal Protection Clause Under the Fourteenth Amendment 42 U.S.C. § 1983

67. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56

above as though fully set forth herein.

68. Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

69. Under the Fourteenth Amendment, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1.

70. Defendants enforce deliberate policies and practices of failing to provide translation and interpretation services for Drug Court to LEP individuals, including Plaintiff.

71. Plaintiff belongs to a protected class by reason of his race, color, ethnicity, ancestry and/or national origin.

72. Defendants' policies and practices deliberately target dominant Spanish-speaking LEP individuals and subject them to differential treatment that is not applied to other non-LEP English-speaking individuals seeking Drug Court services.

73. Defendants enforce policies and practices with the intent to discriminate against, with deliberate indifference to, or reckless disregard for the rights of dominant Spanish-speaking LEP individuals.

74. In addition to or in the alternative, Defendants' policies and practices were motivated by race-based stereotyping or implicit bias against Spanish-speaking LEP individuals.

75. At all relevant times, Defendants acted under color of state law.

76. By subjecting Plaintiff to discriminatory policies and practices, Defendants deny him equal protection of the law on account of race, color, ethnicity, ancestry and/or national origin in violation of the Equal Protection Clause.

77. As a result of the foregoing, Plaintiff suffered emotional distress, loss of property, costs, and expenses, and was otherwise damaged and injured.

## COUNT THREE
### Violation of the Privileges and Immunities Clause, Article IV, § 2, cl. 1 42 U.S.C. § 1983

78. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 above as though fully set forth herein.

79. Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for violation of the Privileges and Immunities Clause, Article IV, § 2, cl. 1, of the U.S. Constitution.

80. The Privileges and Immunities Clause declares "[t]he citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the Several States." U.S. Const. art. IV, § 2, cl. 1.

81. Defendants enforce deliberate policies and practices of failing to provide translation and interpretation services to Spanish-speaking LEP individuals and, as a result, denying them meaningful participation and/or access to Drug Court.

82. Defendants enforce policies and practices with the intent to discriminate against, with deliberate indifference to, or reckless disregard for the rights of dominant Spanish-speaking LEP individuals.

83. At all relevant times, Defendants acted under color of state law.

84. By subjecting Plaintiff above unlawful policies and practices, Defendants deny him privileges and immunities afforded to other English-speaking individuals in violation of the Privileges and Immunities Clause.

## COUNT FOUR
### Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; 42 U.S.C. § 1983

85. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 above as though fully set forth herein.

86. Plaintiff asserts a claim for violation of Title VI of the Civil Rights of 1964, 42 U.S.C. § 2000d, and pursuant to 42 U.S.C. § 1983.

87. Under 42 U.S.C. § 2000d, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

88. Defendants operate programs in receipt of federal funds and are thus covered by Title VI's prohibition on race, color, ethnicity, ancestry and/or national origin discrimination.

89. Defendants have violated Title VI's prohibition on race, color, ethnicity, ancestry and/or national origin by failing to take reasonable steps to provide meaningful access to their services in Drug Court to Spanish-speaking LEP individuals.

90. Defendants have failed to provide Spanish-speaking LEP individuals with access to Drug Court services by failing to provide translation and interpretation services.

91. Defendants have failed to translate any information regarding Drug Court, including Drug Court services available to Spanish-speaking LEP individual like Plaintiff.

92. Defendants have failed to provide sufficient and/or any training and/or funding for training to allow Drug Court to provide meaningful access to their services for Spanish-speaking LEP individuals.

93. Defendants have failed to establish policies and practices that guarantee LEP individuals the language services they need to meaningfully participate and access Drug Court.

94. Defendants have been on notice of Plaintiff's attempts to access Drug Court and of its widespread and systematic policy and practice of failing to provide meaningful access to LEP individuals.

95. Despite being on notice of these failures, Defendants have not taken meaningful

steps to correct the problem and have continued to act intentionally and with deliberate indifference to the continued exclusion of LEP individuals, including Plaintiff, from Defendants' services at Drug Court.

96. Defendants' practices are in violation of federal and state regulations requiring translation and interpreters to LEP individuals.

97. Similarly situated individuals who were born and raised in the United States whose primary language is English are not excluded in this way from participation in Defendants' services at Drug Court.

98. This pattern and practice of failing to provide language services to LEP individuals constitutes intentional race, color, ethnicity, ancestry and/or national origin discrimination, within the meaning of Title VI.

99. Plaintiff has suffered damages, including, but not limited to, emotional distress, in an amount to be determined at trial.

100. Defendants enforce policies and practices with the intent to discriminate against, with deliberate indifference to, or reckless disregard for the rights of dominant Spanish-speaking LEP individuals.

101. In addition to or in the alternative, Defendants' policies and practices were motivated by race-based stereotyping or implicit bias against Spanish-speaking LEP individuals.

102. At all relevant times, Defendants acted under color of state law.

103. By subjecting Plaintiff to discriminatory policies and practices, Defendants deny him equal protection of the law on account of race, color, ethnicity, ancestry and/or national origin in violation of the Equal Protection Clause.

## COUNT FIVE
### Violation of the New York State Human Rights Law
### Executive Law § 296, *et seq*.

104. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 56 above as though fully set forth herein.

105. Defendants have engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296, *et seq*.

106. Defendants have discriminated against Plaintiff on the basis of race, color, ethnicity, ancestry and/or national origin by denying him the right to full and equal enjoyment, on equal terms and conditions, of the accommodations, advantages, services, facilities or privileges of the Rockland County Drug Court by failing to provide translation and interpretation services to Spanish-speaking LEP individuals, including Plaintiff.  New York State Executive Law § 296, *et seq*.

107. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered damages, including, but not limited to, emotional distress, in an amount to be determined at trial.

## JURY DEMAND

108. Plaintiff demands a trial by jury of all issues raised.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Rene Alvarado Mejia respectfully requests the Court enter judgment in his favor and against Defendants, County of Rockland, and the New York Unified Court System, for the following relief:

109. Declare that Defendants have violated 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution by failing to provide

Plaintiff with sufficient notice and/or a hearing before denying access and/or meaningful opportunity to participate in Drug Court.

110. Declare that Defendants have violated 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

111. Declare that Defendants have violated 42 U.S.C. § 1983 for violation of the Privileges and Immunities Clause, Article IV, § 2, cl. 1, of the U.S. Constitution.

112. Declare that Defendants have violated Title VI of the Civil Rights of 1964, 42 U.S.C. § 2000d and 42 U.S.C. § 1983 by intentionally discriminating against Spanish-speaking LEP individuals and failing to provide LEP individuals with an adequate and meaningful opportunity to participate in the Rockland County Drug Court.

113. Order Defendants to provide Plaintiff and all LEP individuals free translation and interpretation services to have meaningful opportunity to participate in the Rockland County Drug Court.

114. Order Defendants to implement policies, practices, and training programs for all staff on the obligation to provide interpretation and translation to all LEP individuals of services provided at the Rockland County Drug Court.

115. Award Plaintiff's damages in an amount to be determined at trial.

116. Award Plaintiff's attorney's fees and costs.

117. Grant any and all such other relief the Court deems just and proper.

Dated: January 20, 2023.

Respectfully submitted,

**VASQUEZ SEGARRA LLP**

By  /s/Jorge Luis Vasquez
    Jorge Luis Vasquez, Esq.

Esperanza Segarra, Esq.
5 West 37th Street, Suite 6003
New York, New York 10018
Tel. 212.752.8408 (Direct)