USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/13/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENE ALVARADO MEJIA, and all others similarly situated,

                           Plaintiff,

  -against-

THE NEW YORK UNIFIED COURT SYSTEM, et al.,

                           Defendants.

No. 23 Civ. 492 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

    Plaintiff Rene Alvarado Mejia ("Plaintiff") brings this action, on behalf of himself and all others similarly situated, against Defendants County of Rockland, the Honorable Donna G. Siberman, in her official capacity as County Clerk of Rockland County and the New York Unified Court System ("NYUCS"), for, *inter alia,* violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution, the Privileges and Immunities Clause of the U.S. Constitution, Title VI of the Civil Rights Act of 1964, and the New York State Executive Law § 296, *et seq*. ("NYSHRL"). (First Amended Complaint, "FAC.," ECF No. 8.)

    Defendant NYUCS moves to dismiss Plaintiff's FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (the "Motion", ECF No. 23.) For the following reasons, Defendant NYUCS' Motion is GRANTED.

BACKGROUND

**I.    Factual Background**

    The following facts are taken from the FAC and assumed to be true for the purposes of Defendant NYUCS' Motion.

1

On or about July 29, 2022, Plaintiff's attorney in a criminal matter before the Suffern Justice Court called the Rockland County Drug Court ("Drug Court") on Plaintiff's behalf and informed the Drug Court that Plaintiff has a pending case before the Suffern Justice Court for Driving While Intoxicated, was referred to the Drug Court by the Suffern Justice Court, and that Plaintiff is a limited English proficient ("LEP") person and would require translation services in Drug Court. (FAC ¶¶ 32-33.) The Drug Court informed Plaintiff's attorney that "although the Plaintiff's criminal charges qualify for Drug Court, Drug Court does not provide translation services and consequently that Plaintiff would not be allowed to participate in Drug Court despite being otherwise qualified for Drug Court." (*Id.* ¶ 34.) Because of the Drug Court's failure to provide translation and interpretation services, Plaintiff, as well as a putative class of Spanish-speaking LEP individuals, is continuously denied access to Drug Court. (*Id.* ¶¶ 43, 47.)

Defendant NYUCS oversees Drug Court and provides for part of its budget. (*Id.* ¶¶ 20, 22.) As a result, Plaintiff contends that Defendant NYUCS is potentially liable for the "deliberate failure to implement policies and procedures necessary to afford Plaintiff access to interpretation and translation in his native language." (*Id.* ¶ 43.)

**II.   Procedural History**

Plaintiff filed the FAC on June 7, 2023. (ECF No. 8.) On October 30, 2023, Defendant NYUCS filed the instant Motion (ECF No. 23), as well as a memorandum of law (ECF No. 24) and reply (ECF No. 26), in support thereof. Plaintiff filed an opposition to Defendant NYUCS' Motion. (ECF No. 27).

**LEGAL STANDARD**

**I.       Federal Rule of Civil Procedure 12(b)(1)**

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). The principle of state sovereign immunity limits a federal court's jurisdiction over suits against states. *See Alden v. Maine*, 527 U.S. 706, 730, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). As such, the Second Circuit has held that "[w]hether a federal court has subject matter jurisdiction [pursuant to the Eleventh Amendment] is a question that may be raised at any time by the court *sua sponte*." *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (concluding that district court properly considered whether defendants had sovereign immunity, thus depriving the court of subject matter jurisdiction). Absent a state's waiver of its sovereign immunity or congressional abrogation, a district court "lack[s] subject matter jurisdiction" to consider claims against states. *Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997).

**DISCUSSION**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Based on the Eleventh Amendment, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity," or unless Congress has "abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355,

3

365–66 (2d Cir. 2009) (citation omitted). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation omitted).

Congress has not abrogated Eleventh Amendment immunity with respect to any of Plaintiff's causes of action, nor has New York State waived its immunity with respect to the same. *See New York Communities for Change v. New York State Unified Ct. Sys./Off. of Ct. Admin.,* 680 F. Supp. 3d 407, 413 (S.D.N.Y. 2023). Moreover, the Supreme Court has made clear that Congress did not intend to override states' sovereign immunity on Section 1983 claims, *see Quern v. Jordan*, 440 U.S. 332, 340–42, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990), and "it is well-established that New York has not consented to § 1983 suits in federal court," *Mamot v. Bd. Of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977)) (affirming dismissal of Section 1983 claims against New York State agencies on Eleventh Amendment grounds). Furthermore, the Second Circuit has "squarely held that Section 1 [of the Fourteenth Amendment] claims for damages are barred by the Eleventh Amendment." *Santiago v. N.Y. Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991). Finally, "New York State has not consented to be sued in federal court under the [NYSHRL]." *Baez v. New York*, 629 F. App'x 116, 118 (2d Cir. 2015) (affirming district court's holding that NYSHRL claims against New York State was barred by sovereign immunity); *see Purdie v. City Univ. of N.Y.*, No. 13-CV-6423, 2015 WL 129552, at *4 (S.D.N.Y. Jan. 8, 2015) (same).

Here, Plaintiff's first four claims proceed under Section 1983, and his fifth and final claim under the NYSHRL. (*See* FAC ¶¶ 68-118.) In light of the above, none of Plaintiff's asserted causes of action can proceed against any "'state agents and state instrumentalities' where New York "is

4

the real, substantial party in interest.'" *See New York Communities for Change,* 680 F. Supp. 3d at 413 (quoting *Henny v. New York State*, 842 F. Supp. 2d 530, 544 (S.D.N.Y. 2012)). The Second Circuit has consistently held that Defendant NYUCS is one such state instrumentality, *see, e.g. Bythewood v. New York*, No. 22-2542-CV, 2023 WL 6152796, at *1 (2d Cir. Sept. 21, 2023) (explaining that NYUCS is "'unquestionably an arm of the state' that shares in New York's immunity to suit") (citation omitted), and therefore barred claims against it, *see, e.g.*, *Kelly v. New York State Unified Ct. Sys.*, 2022 WL 1210665, at *2 (2d Cir. Apr. 25, 2022). As a result, all of Plaintiff's claims against Defendant NYUCS fail as a matter of law. *See New York Communities for Change,* 680 F. Supp. 3d 407 at 414 (dismissing claims against NYUCS on Eleventh Amendment grounds); *Segal v. New York State Unified Ct. Sys.*, No. 21-CV-2545 (LTS), 2021 WL 1841768, at *3 (S.D.N.Y. May 7, 2021) (same); *Zahl v. Kosovsky*, No. 08-CV-8308 (LTS), 2011 WL 779784, at *1 (S.D.N.Y. Mar. 3, 2011) (same), *aff'd*, 471 F. App'x 34 (2d Cir. 2012).

In short, the Court lacks subject matter jurisdiction over the claims asserted against Defendant NYUCS and NYUCS' motion to dismiss all claims asserted against it in the FAC is therefore granted. Because dismissal is pursuant to Eleventh Amendment immunity, Plaintiff's claims against Defendant NYUCS are dismissed with prejudice, and "should not be reasserted in an amended complaint" in federal court. *See Wright v. Admin. of Child. Servs.,* No. 23-CV-10381 (LTS), 2024 WL 622280, at *2 (S.D.N.Y. Feb. 14, 2024). Plaintiff's claims against Defendant NYUCS are dismissed without prejudice to refiling them in state court. *See Greenwood v. State of N.Y.,* 939 F.Supp. 1060, 1065 (S.D.N.Y.1996), *vacated in part on other grounds,* 163 F.3d 119 (2d Cir. 1998).

## CONCLUSION

For the foregoing reasons, the Defendant New York Unified Court System's motion to dismiss the First Amended Complaint is GRANTED. Plaintiff's claims against Defendant New York Unified Court System are dismissed without prejudice to refiling them in state court. The Clerk of Court is kindly directed to terminate the motion at ECF No. 23 and Defendant New York Unified Court System.

Dated: May 13, 2024  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge