MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RENE ALVARADO MEJIA, and all others similarly situated,

                            Plaintiff,

v.

COUNTY OF ROCKLAND, DONNA G. SIBERMAN, in her official capacity as County Clerk of Rockland County, THE ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, THOMAS E. WALSH II, in his official capacity as Rockland County District Attorney, THE NEW YORK UNIFIED COURT SYSTEM, and JOHN and JANE DOE in their individual capacities,

                            Defendants.

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE ROCKLAND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Case No. 7:23-CV-00492

---

This document is not a stand-alone motion but merely a document in support of the motion at ECF No. 45. Clerk of Court is requested to term this motion at ECF No. 47. Dated: White Plains, NY
          July 17, 2025

SO ORDERED:

*[signature]*

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

---

Defendants County of Rockland, Donna G. Siberman, in her official capacity as County Clerk of Rockland County, The Rockland County District Attorney's Office, and Thomas E. Walsh II, in his official capacity as Rockland County District Attorney (collectively, the "Rockland Defendants") submit this Statement of Undisputed Material Facts pursuant to Local Civil Rule 56.1 of the United States District Court for the Southern District of New York.

1. Driving Under the Influence is a criminal offense in New York. *See* New York Vehicle and Traffic Law Section 1192.

2. In appropriate criminal cases, the Rockland County District Attorney ("Rockland DA") offers, as a plea bargain, an alternative to traditional prosecution via the Rockland County Drug Court ("Drug Court"). *See* Exhibit A attached to the Attorney Declaration of Darius Chafizadeh, dated May 19, 2025 ("Chafizadeh Dec.").

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/2025

3. The stated purpose of Drug Court is to "divert appropriate cases of individuals suffering from substance abuse, and offer substance abuse treatment, possibly mental health treatment, and ancillary services as well." *See id.*

4. The stated mission of Drug Court is to serve as a "voluntary, non-adversarial alternative to traditional criminal justice case processing that assists justice involved individuals with substance abuse disorder." *See* Exhibit B attached to the Chafizadeh Dec.

5. Although there are no guarantees, "[p]articipants [in Drug Court] may have their charges reduced or dismissed upon successful completion of treatment and other court requirements." *See id.*

6. Prior to 2023, the Rockland DA evaluated individual cases to determine whether they were appropriate for diversion into Drug Court. *See* Exhibit C attached to the Chafizadeh Dec., at pp. 37-39.

7. Mr. Mejia filed a complaint in this action on or about January 20, 2023. *See* Exhibit D attached to the Chafizadeh Dec.

8. Although not stated in the Complaint, Mr. Mejia was arrested for Driving Under the Influence in mid-summer of 2022. *See* Exhibit E attached to the Chafizadeh Dec., at pp. 10-11.

9. Mr. Mejia's Complaint alleges that following his arrest, someone acting on his behalf contacted the Drug Court on the phone to request that he be diverted into the program in or around July 2022. *See* Exhibit D attached to the Chafizadeh Dec., at ¶¶ 22-23.

10. Mr. Mejia's Complaint further alleges that on the aforementioned phone call, an unidentified person, referred to by Mr. Mejia only as "Jane Doe," purportedly reported that Mr. Mejia was not eligible to attend Drug Court due to his inability to speak English. *See id.* at ¶ 24.

11. Mr. Mejia is originally from Guatemala. *See* Exhibit E attached to the Chafizadeh Dec., at p. 5.

12. Mr. Mejia does not speak or understand English. *See id.* at p. 8.

13. Mr. Mejia's Complaint alleges that the Rockland Defendants purportedly violated his civil rights by not admitting him into Drug Court. *See* Exhibit D attached to the Chafizadeh Dec.

14. In or around 2023, the New York State Office of Court Administration ("OCA") (the administrative arm of the New York State Court System, under the direction of the Chief Administrative Judge) began determining the appropriateness of Drug Court diversion in a particular case as opposed to the Rockland DA. *See* Exhibit F attached to the Chafizadeh Dec; *see also* OCA Homepage, available at https://ww2.nycourts.gov/Admin/oca.shtml (last visited May 19, 2025).

15. OCA entered an agreement with United States Department of Justice on or about June 2024 regarding Drug Court (the "Drug Court Agreement"). *See* Exhibit G attached to the Chafizadeh Dec.

16. Under the terms of the Drug Court Agreement, OCA will provide additional state-funded translators in Spanish, Creole, and Yiddish languages, ensuring the availability of documents in those languages, and providing personnel training. *See id.*

17. A representative from the United States Attorney's Office for the Civil Rights Division stated that the Drug Court Agreement stands as "a model for ensuring access to the courts, including its programs and services, for all people, regardless of English proficiency." *See* Exhibit F attached to the Chafizadeh Dec.

18. OCA and the Rockland DA's Office have also formalized a Policies and Procedures Manual for Drug Court that covers, among many other things, non-discrimination based on language. *See* Exhibit B attached to the Chafizadeh Dec.

19. Mr. Mejia was admitted to Drug Court on or about October 2024. *See* Exhibit H attached to the Chafizadeh Dec.

20. After being admitted to Drug Court, Mr. Mejia tested positive for alcohol use and failed to appear. *See id.*

21. Mr. Mejia was arrested for non-compliance with Drug Court conditions. *See id.*

*22.* Mr. Mejia was subsequently re-admitted into the Drug Court program. *See id.*

23. Mr. Mejia has never been criminally sentenced for his underlying offense of Driving Under the Influence. *See id.*

24. Mr. Mejia has not moved to certify a class in this action. *See* Exhibit I attached to the Chafizadeh Dec.

Dated: May 19, 2025
      White Plains, New York

**HARRIS BEACH MURTHA CULLINA PLLC**

_____
Darius P. Chafizadeh, Esq.
James P. Nonkes, Esq.
*Attorneys for Defendants County of Rockland, Donna G. Siberman in her official capacity as County Clerk of Rockland County, the Rockland County District Attorney's Office, and Thomas E. Walsh II in his official capacity as Rockland County District Attorney*
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601
Telephone: (914) 683-1212
Fax: (914) 683-1210
dchafizadeh@harrisbeachmurtha.com
jnonkes@harrisbeachmurtha.com

4